UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PATRICIA LEWIS                               CIVIL ACTION NO. 09-0283

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

PFIZER PHARMACEUTICAL                        MAGISTRATE JUDGE HORNSBY
COMPANY, INC.

**MEMORANDUM RULING**

Before the Court is Defendant Pfizer Pharmaceutical Company, Incorporated's ("Pfizer") unopposed Motion to Dismiss Claims Not Recognized by the Louisiana Products Liability Act ("LPLA"). See Record Document 13. Specifically, Pfizer seeks dismissal of Plaintiff Patricia Lewis' ("Lewis") claims of fraudulent misrepresentation and failure to exercise ordinary care. See id. For the reasons which follow, the Motion to Dismiss is **GRANTED**.

**RELEVANT BACKGROUND**

Lewis filed the above-captioned suit against Pfizer in the First Judicial District Court of Caddo Parish, Louisiana, on February 2, 2009. See Record Document 1-2. Pfizer removed the case to this Court and a Removal Order was entered on February 20, 2009. See Record Document 1-1.

The petition alleges that Lewis was a patient at Louisiana State University Health Sciences Center in Shreveport, Louisiana, where she was prescribed "Lipitor," a drug manufactured and sold by Pfizer. See Record Document 1-2, ¶¶ 2, 4. Lewis further alleges that as a result of using Lipitor, she suffered from muscle injury, fibromyalgia, and cardiac problems. See id., ¶ 6. She seeks damages for past and future medical and health care expenses; past and future emotional distress; loss of capacity for enjoyment of life;

physical and mental pain and suffering; past and future mental anguish; past, present and future physical damages and permanent disability; lost income and support as well as loss of earning potential. See id., ¶ 20.

Many of the claims plead in the Lewis' petition invoke the LPLA, and suggest possible violations of the Act. See id., ¶¶ 8, 10-12, 17. The petition also includes claims of false and fraudulent misrepresentation, and failure to exercise ordinary care. See id., ¶¶ 9, 13.

On May 7, 2010, Pfizer filed the instant motion to dismiss any and all claims not recognized by the LPLA. See Document 13-1. The motion contends that the claims of false and fraudulent misrepresentation and failure to exercise ordinary care fall outside the scope of the LPLA. See id. No opposition has been filed and the time for accomplishing same has expired. See LR 7.5W and Record Document 4 (Notice of Setting Motion). Accordingly, the motion is deemed unopposed.

## LAW AND ANALYSIS

**I.  Rule 12(b)(6) Standard.**

In deciding a Rule 12(b)(6) motion to dismiss, the district court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Notwithstanding, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." Id., citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id.

Yet, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will expose the basic deficiency "at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).

## II.     LPLA Exclusivity.

"Under the Erie Doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427, 116 S.Ct. 2211 (1996); see also Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817 (1938). In this case, it is undisputed that Louisiana law supplies the substantive law. See Jefferson v. Lead Indus. Ass'n, 106 F.3d 1245, 1250 (5th Cir. La. 1997) (applied Louisiana law where no party disputed that Louisiana law governed);[1] In re Vioxx Prods. Liab. Litig., 478 F. Supp. 2d 897, 906 (E.D. La. 2007) (applied substantive law of plaintiff's home state in defective drug product case).

The LPLA provides "the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. 9:2800.52. Under the LPLA, a plaintiff cannot recover from a manufacturer for damage caused by a product on the basis of any other theory of liability. See id. Further, liability attaches to a manufacturer of a product only if the plaintiff's damages are "proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product." La. R.S. 9:2800.54(A). The LPLA sets forth four exclusive theories of recovery against a manufacturer: (1) defect in construction or composition; (2)

---

[1] In Jefferson, the Fifth Circuit's decision incorporated the underlying district court opinion, 930 F.Supp. 241 (E.D. La. May 31, 1996) (J. Vance).

defect in design; (3) inadequate warning; or (4) failure to comply with an express warranty. See La. R.S. 9:2800.54(B)(1-4).[2]

Because Lewis alleges that her damages are the fault of Pfizer as the manufacturer and distributor of Lipitor, the LPLA controls. See La. R.S. 9:2800.54. Therefore, every claim asserted by Lewis must fall into one of the four exclusive theories of recovery listed above. See id. A review of federal jurisprudence from both the Fifth Circuit and the Western District of Louisiana establishes that Lewis' claim of fraudulent misrepresentation is barred by the LPLA. See Jefferson,106 F.3d at 1251 (5th Cir. 1997); Brennon v. Pfizer, Inc., No. 09-1093, 2009 U.S. Dist. LEXIS 72438 (W.D. La. July 24, 2009); Grenier v. Medical Eng'g Corp., 99 F.Supp.2d 759, 763 (W.D. La. 2000). It is also well established that negligence is not a viable claim under the LPLA. See Jefferson 106 F.3d at 1251; King v. Bayer Pharms. Corp., No. 09-0465, 2009 U.S. Dist. LEXIS 125802, at *11-12 (W.D. La. June 8, 2009); Grenier 99 F. Supp. at 763. Therefore, Lewis' failure to exercise ordinary care allegation is likewise barred. See id. Accordingly, Pfizer's motion to dismiss is **GRANTED** and Lewis' claims of fraudulent misrepresentation and failure to exercise ordinary care are **DISMISSED WITH PREJUDICE**.

## CONCLUSION

The Court finds that Lewis' claim of fraudulent misrepresentation, set forth in paragraph 9 of the petition, and her claim of failure to exercise ordinary care, set forth in

---

[2]Generally, Louisiana courts have "held the LPLA subsumes all possible causes of action, with the exception of redhibition." Touro Infirmary v. Sizeler Architects, 2004-2210 (La.App. 4 Cir. 11/21/06), 947 So.2d 740, 744 (citations omitted) (emphasis added). Lewis makes no claims in redhibition; thus, all of her claims must be set forth pursuant to the LPLA.

paragraph 13 of the petition, are outside the scope of the LPLA.  Thus, Pfizer's motion (Record Document 13) seeking dismissal of such claims is **GRANTED** and the claims are **DISMISSED WITH PREJUDICE**.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of June, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE