UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PATRICIA LEWIS                         CIVIL ACTION NO. 09-0283

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

PFIZER PHARMACEUTICAL            MAGISTRATE JUDGE HORNSBY
COMPANY, INCORPORATED

**MEMORANDUM RULING**

Before this Court is a Motion for Summary Judgment (Record Document 17) filed by Defendant Pfizer, Inc.[1] ("Pfizer"). Pfizer seeks dismissal of Plaintiff Patricia Lewis' ("Lewis") claim under the Louisiana Products Liability Act on the grounds that she has failed to disclose any expert testimony, which is required to establish medical causation and product defect in product liability claims involving prescription medications. See id., citing Kemp v. Metabolife Intern., Inc., No. 00-3513, 2004 WL 2095618, *1 (E.D. La. Sept. 13, 2004).

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." F.R.C.P. 56(c)(2). The burden of proof in a summary judgment proceeding is on the party moving for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556 (1986). If the motion is properly made, the non-movant "must set forth facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986). Additionally, Local Rule 56.1 requires the moving party to

---

[1] Incorrectly captioned in Plaintiff's Petition for Damages as "Pfizer Pharamceutical Company, Incorporated."

file a statement of material facts as to which he contends there is no genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

Here, the Court issued a "Notice of Motion Setting" (Record Document 18) giving Lewis fourteen (14) calendar days from July 6, 2010 to file an opposition to Potter's Motion for Summary Judgment. To date, she has failed to file such opposition. Specifically, Lewis failed to controvert the summary judgment evidence showing that she is unable to offer competent expert testimony establishing both general causation (that Lipitor can cause the particular injuries she alleges); specific causation (that she experienced such injuries as a result of ingesting Lipitor); and demonstrating that Lipitor was defective. There are remain no genuine issues of material fact as to the essential elements of causation and defect. Pfizer is thus entitled to summary judgment on all of Lewis' remaining claims.

Accordingly, the Court finds that summary judgment in favor of Pfizer is proper as a matter of law and all of Lewis' remaining claims are hereby **DISMISSED**. A judgment consistent with the terms of this Memorandum Order shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of September, 2010.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE